IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EMILY A. SANCHEZ,
BRIAN C. SANCHEZ,
ISAIAH D. SANCHEZ, and
DOMINIC J. SANCHEZ (minor child),

        Plaintiffs,

    v.

TORRANCE COUNTY SHERIFF'S DEPARTMENT,
TORRANCE COUNTY GOVERNMENT,
TORRANCE COUNTY SHERIFF DEPUTY PABLO ARREOLA,
TORRANCE COUNTY SHERIFF DEPUTY REESE SWATSWORTH,

        Defendants.

No. 1:22-cv-00394-WJ

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT AND FOR A HEARING

**THIS MATTER** is before the Court on Defendants Torrance County Sheriff's Department and Torrance County Government's ("County Defendants") Motion to Dismiss, Defendants Arreola and Swatsworth's ("Individual Defendants") Motion to Dismiss, and Plaintiffs' Motion for Default Judgment and Motion for Hearing. Having reviewed the parties' briefing and the applicable law, the Court **GRANTS** Defendants' Motions to Dismiss (**Docs. 4, 6**) and **DENIES** Plaintiffs' Motion for Hearing on these motions (**Doc. 17**). The Court dismisses Plaintiffs' claims without prejudice and **GRANTS** Plaintiffs leave to amend their Complaint. To the extent Plaintiffs' Complaint asserts a state-law claim for negligence, the Court declines to exercise supplemental jurisdiction over this claim and dismisses it without prejudice. The Court also holds that Plaintiffs may not file an amended complaint as to the claims of the minor child without first

obtaining legal representation. Finally, the Court **DENIES** Plaintiffs' Motion for Default Judgment (**Doc. 10**).

## BACKGROUND

On April 8, 2022, Plaintiffs Emily, Brian, Isaiah, and Dominic Sanchez filed a pro se Complaint for Civil Rights Violations and Related State Actions under 42 U.S.C. § 1983 in New Mexico state court, in the Seventh Judicial District, located in Torrance County. **Doc. 1, Ex. A**. According to Plaintiffs' Complaint, on April 8, 2020, Defendants allegedly violated Plaintiffs' constitutional rights "by entering their property without criminal warrants," "entering their home without warrants," "arresting plaintiffs without proper felony arrest warrants," and illegally detaining minor Plaintiff Dominic Sanchez. *Id.* at 1-2.

The County Defendants were served with process on May 3, 2022, **Doc. 1, Ex. B**, and timely filed a Notice of Removal on May 23, 2022, **Doc. 1**. Soon after removing the case to federal court, County Defendants filed a Motion to Dismiss. **Doc. 4**. The Individual Defendants followed suit and filed their own Motion to Dismiss a few days later. **Doc. 6**. On June 15, 2022, Plaintiffs filed a Motion for Default Judgment. **Doc. 10**.

The Court addresses each motion in turn and concludes as follows: Defendants' Motions to Dismiss are granted; however, Plaintiffs' claims are dismissed without prejudice and with leave to amend the Complaint to try to remedy the deficiencies identified by Defendants and the Court. Plaintiffs may not include minor Dominic Sanchez as a named party in an amended complaint unless Plaintiffs retain counsel as to the minor's claims. Finally, Plaintiffs' Motion for Default Judgment and Motion for Hearing are both denied.

**DISCUSSION**

**I.      Plaintiffs may not sue on behalf of their minor child without hiring an attorney.**

The Court sua sponte holds that minor child Dominic Sanchez lacks the capacity to bring his own claims and Plaintiffs may not bring pro se claims in federal court on behalf of the minor child. *See Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) ("[A] minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.") (citation omitted); NMRA 1-017(C); NMSA 1978, § 12-2A-3(B) (explaining that under New Mexico law, a minor lacks capacity and may not bring suit until reaching age 18). "The general rule prohibiting a non-attorney parent from representing his or her minor child in federal court 'is designed to protect the interests of the minor party; in addition, it jealously guards the judiciary's authority to govern those who practice in its courtrooms.'" *Id.* (citation omitted). Because Plaintiffs are not represented by an attorney, Plaintiffs may not bring civil rights and state negligence claims on behalf of their minor child. Accordingly, the Court gives Plaintiffs 30 days to retain counsel to represent Plaintiffs as guardians and next friends of the minor. If no attorney enters an appearance on behalf of them as guardians and next friends of the minor within 30 days of this order, the Court may enter a final order dismissing the minor's claims without prejudice or the Court may consider appointing a guardian ad litem to represent the minor under Federal Rule of Civil Procedure 17(c)(2).

**II.     Defendants' Motions to Dismiss Are Granted.**

The County and Individual Defendants both filed Motions to Dismiss. *See* **Doc. 4, 6**. Defendants contend dismissal is appropriate because Plaintiffs' Complaint fails to state plausible

claims.[1] The Court agrees and dismisses Plaintiffs' Complaint without prejudice; however, the Court grants Plaintiffs leave to file an amended complaint within 30 days of this order.

A.     **Rule 12(b)(6) Motion to Dismiss Standard**

Defendants moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Tenth Circuit has explained that if a plaintiff sues multiple defendants under Section 1983 "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). The Tenth Circuit has also held that when a complaint uses "the collective term 'Defendants' . . . with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.*

Under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). However, the Court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). Although a complaint need not

---

[1] Because the Court agrees Plaintiffs fail to state plausible claims under Rule 12(b)(6), the Court need not address Defendants' other grounds for dismissal.

contain "detailed factual allegations," it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Moreover, if factual allegations in a complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik*, 671 F.3d at 1191.

Plaintiffs are pro se; accordingly, the Court liberally construes their Complaint and briefing. *United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation omitted). But even liberally construing Plaintiffs' Complaint, the Court finds it fail to state plausible claims for relief.

Plaintiffs' three-page Complaint contains hardly any factual allegations to support Plaintiffs' legal claims under 42 U.S.C. § 1983. Although the Complaint does not specify the constitutional right Defendants allegedly violated, the Court understands Plaintiffs' Section 1983 claim to be brought under the Fourth Amendment because the Complaint references illegal and warrantless searches and seizures.[2] But even construing Plaintiffs' claim as a Fourth-Amendment claim does not save the Complaint.[3]

The Complaint included only four sentences of alleged facts:

- On April 8, 2020, the alleged defendants violated the plaintiffs' constitutional rights by entering their property without criminal warrants.

---

[2] This conclusion is reinforced by Plaintiffs' Response to Defendants' Motion to Dismiss, in which Plaintiffs include a header titled "Fourth Amendment Violation." **Doc. 12** at 2.

[3] In Count 2, Plaintiffs also assert a negligence claim against Defendants. To the extent that Plaintiffs Complaint can be construed as asserting a state-law negligence claim, the Court declines to exercise supplemental jurisdiction over this claim under 28 U.S.C. § 1367 and dismisses it without prejudice.

- On April 8, 2020, the alleged defendants violated the plaintiffs' constitutional rights for illegal search and seizure, by entering their home without warrants.

- On April 8, 2020, the alleged defendants violated the plaintiffs' constitutional rights by arresting plaintiffs without proper felony arrest warrants.

- On April 8, 2022, [sic] the alleged defendants violated minor defendant's constitutional rights for illegal detainment.

**Doc. 1, Ex. A.** In the alleged facts section, Plaintiffs rely almost exclusively on conclusory statements. For example, Plaintiffs allege that "defendants violated the plaintiffs' constitutional rights." **Doc. 1, Ex. A**. This is a classic conclusory statement. Under Rule 12(b)(6), the Court must disregard conclusory statements when determining the plausibility of Plaintiffs' claims. Disregarding all conclusory statements, the Court is left with these factual allegations:

- On April 8, 2020, Defendants entered Plaintiffs' property and home without a warrant; Defendants arrested Plaintiffs without arrest warrants; and Defendants detained the minor Plaintiff.

These facts are not enough to state a plausible Fourth Amendment claim under Section 1983.

Plaintiffs' allegations are so general that "they encompass a wide swath of conduct, much of it innocent." *Khalik*, 671 F.3d at 1191. Plaintiffs allege that Defendants entered their property and home and arrested them without a warrant, but there are many circumstances under which a sheriff's deputy could lawfully enter someone's home without a warrant or conduct an arrest without a warrant. Plaintiffs fail to provide sufficient detail about what happened on August 8, 2020. It is not enough to say Defendants violated Plaintiffs constitutional rights—Plaintiffs must show *how* and *in what way* Defendants allegedly violated their constitutional rights.

Not only are Plaintiffs' factual allegations too general, but they do not provide Defendants with fair notice of the claims against them by making "clear exactly *who* is alleged to have done *what* to *whom*." *Robbins*, 519 F.3d at 1250. Furthermore, by using the collective term

Case 1:22-cv-00394-WJ-KK Document 18 Filed 10/28/22 Page 7 of 11

"Defendants," Plaintiffs' Complaint makes it "impossible for any of these [Defendants] to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.*

While the Complaint does not contain sufficient factual allegations to survive a motion to dismiss, the Court cannot conclude—at this time—that it would be futile to give Plaintiffs an opportunity to amend their Complaint. Thus, Plaintiffs' claims are dismissed without prejudice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("[O]rdinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice."). The Court also grants Plaintiffs leave to amend their complaint and add more factual allegations. The Court will give Plaintiffs 30 days from this order to file an amended complaint. If Plaintiffs file an amended complaint, the Court will review the amended complaint to determine whether it states a plausible claim for relief. If, however, Plaintiffs fail to submit an amended complaint within 30 days or if Plaintiffs submit an amended complaint that still does not state a plausible claim for relief, the Court may dismiss Plaintiffs' claims with prejudice and without notice. *See Hall v. Bellmon,* 935 F.2d 1106, 1109-1110 (10th Cir. 1991).

The Court cautions Plaintiffs that if they choose to file an amended complaint pro se, they cannot file it on behalf of minor, Dominic Sanchez. The Court also notes that County Defendants correctly point out that Torrance County Sheriff's Department and Torrance County Government cannot be sued and that all suits against Torrance County must be brought against the County's board of county commissioners. *See* NMSA 1978, § 4-46-1 ("In all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of .........."); *see also* Fed. R. Civ. P. 17(b) (explaining that, when not specified by the Rule, capacity to be sued is determined by the law of the state where the court is

7

located). Thus, to sue Torrance County, Plaintiffs must name the Board of County Commissioners of the County of Torrance as a Defendant in an amended complaint.

### III.     Plaintiffs' Motion for Default Judgment Is Denied.

On June 14, 2022, Plaintiffs filed a Motion for Default Judgment. **Doc. 10**. In their Motion, Plaintiffs urge the Court to enter default judgment against Defendants Torrance County Sheriff's Department and Deputies Arreola and Swatsworth because, according to Plaintiffs, the Defendants failed to appear or file an answer or responsive pleading. Plaintiffs request this Court enter judgment against Defendants in the amount of $3,400,132.00. In response, Defendants contend Plaintiffs' request for default judgment is improper because Defendants filed their Motions to Dismiss within the required time period following the removal of the action to federal court. **Doc. 15**. Defendants are correct in that they timely and properly filed their Motions to Dismiss so there is absolutely no legal basis for the Court to enter default judgment against the Defendants. Accordingly, Plaintiff's request for default judgment is denied.

### A.     Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for a party seeking a default judgment: First, a party must obtain the clerk's entry of default against the opposing party. Fed. R. Civ. P. 55(b)(1). The clerk will issue an entry of default when the moving party shows the Court through an affidavit or otherwise that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Under Rule 55, Defendants may "plead or otherwise defend" by filing a motion to dismiss. *See Moomchi v. Univ. of New Mexico*, 72 F.3d 138 (10th Cir. 1995); *see also McNeil v. United States*, 12 F. App'x 805, 807 n.1 (10th Cir. 2001) ("Fed. R. Civ. P. 12 makes clear that a pre-answer motion to dismiss is an appropriate defense for purposes of Rule 55 and that no answer is due until the district court resolves the motion . . . .").

Once the clerk has entered a default judgment, the party must then move the Court to enter a default judgment. Fed. R. Civ. P. 55(b)(2). "Default judgments are not favored by courts." *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012) (citation omitted) (brackets omitted). And trial courts are given broad discretion in deciding whether to enter a default judgment. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).[4]

Default judgment is only appropriate if Defendants failed to "plead or otherwise defend" against Plaintiffs' action. Plaintiffs claim Defendants failed to do so but Plaintiffs are wrong. As Defendants point out, they timely filed a Notice of Removal on May 23, 2022. **Doc. 1.** Under Rule 81(c)(2)(C), "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods":

**(A)** 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;

**(B)** 21 days after being served with the summons for an initial pleading on file at the time of service; or

**(C)** 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2)(C). Here, the longest period would be seven days after Defendants filed their Notice of Removal. The Notice of Removal was filed on May 23, 2022; thus, under the Rules Defendants were required to file an answer or present other defenses or objections by May 30, 2022. However, because May 30, 2022, was Memorial Day—a federally recognized holiday—Defendants were not required to respond until the following day, May 31, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of a period specified by the rules] is a . . . legal holiday, the period

---

[4] Plaintiffs appear to argue for default judgment under New Mexico Rule of Civil Procedure 1-055. Since Defendants removed this action to federal court, State rules no longer apply. The Court advises Plaintiffs that going forward they must consult and file motions that comply with the Federal Rules of Civil Procedure as well as the local rules for the federal district of New Mexico.

continues to run until the end of the next day that is not a . . . legal holiday."). Both Defendants filed Motions to Dismiss by the required deadline: County Defendants filed their Motion on May 27, 2022, **Doc. 4**, and Individual Defendants filed their Motion on May 31, 2022, **Doc. 6**. Thus, Plaintiffs fail to demonstrate that default judgment is warranted under Rule 55.

## CONCLUSION

The Court **GRANTS** Defendants' Motions to Dismiss (**Docs. 4, 6**) and dismisses Plaintiffs' Complaint without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To the extent Plaintiffs' Complaint can be construed as asserting a state-law claim for negligence, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over this claim and dismisses it without prejudice. The Court **GRANTS** Plaintiffs leave to amend their Complaint within 30 days of the entry of this order. Plaintiffs may reassert state-law claims in an amended complaint if they choose to file one. The Court also gives Plaintiffs 30 days to retain counsel as to the claims of minor, Dominic Sanchez. The Court also **DENIES** Plaintiffs' Motion for Default Judgment (**Doc. 10**) and **DENIES** Plaintiffs' Motion for Hearing (**Doc. 17**).

Finally, the Court notes that 42 U.S.C. § 1983 is the proper statutory basis under which a plaintiff may assert alleged violations of constitutional rights by state actors. While Plaintiffs in this case are proceeding pro se and their pleadings are entitled to liberal construction, the Court cannot and will not give Plaintiffs legal advice with one exception. The Court has informed Plaintiffs that their minor child must be represented by a lawyer, and so the Court takes this opportunity to advise Plaintiffs to likewise retain a lawyer experienced in Section 1983 litigation to represent them. Based on the Court's 28 years of judicial experience and given the complexities of asserting Section 1983 claims against state law enforcement officers, the Court offers Plaintiffs the candid assessment that if they continue to represent themselves as pro se plaintiffs going up

against seasoned lawyers experienced in Section 1983 litigation, then Plaintiffs claims are not likely to survive past Defendants' motions to dismiss or motions for summary judgment.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITES STATES DISTRICT JUDGE